Reginald H. **MORRIS**

v.

**UNITED STATES of America.**

Civ. A. No. 13880.

United States District Court,
N. D. Georgia,
Atlanta Division.

June 22, 1970.

Reginald H. Morris, pro se.

Alan I. Hirsch, Asst. U. S. Atty., Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Petitioner, a federal prisoner who is presently confined at the United States Penitentiary in Marion, Illinois, seeks to file in forma pauperis a motion to vacate sentence pursuant to 28 U.S.C. § 2255. It may be so filed.

The record shows that petitioner is presently serving a seven-year sentence imposed by this court on December 12, 1967, following his conviction upon a plea of guilty to a charge of possessing counterfeit obligations of the United States in violation of 18 U.S.C. § 472. The petition alleges that on July 22, 1967, the petitioner and one Terry D. Nesmith were visiting Clarence E. Undersoon and Charles K. Ferguson in Room 109 of the Hilton Inn Motel in Atlanta, Georgia; that Nesmith and Ferguson had stepped outside the room for some reason, whereupon they were seized by government agents who then broke through the closed door without first identifying themselves or announcing their authority or purpose, threw the petitioner on the floor, and handcuffed him; that the government agents seized a suit case containing $250,000 in allegedly counterfeit twenty-dollar bills; and that petitioner was taken to the Post Office Building in Atlanta where at least two agents interviewed him in an attempt to identify the printer of the notes. An indictment was filed on August 14, 1967, and petitioner was arraigned on September 5, 1967. He pleaded not guilty and counsel was appointed by the court at that time. Petitioner alleges that his appointed counsel never suggested that a motion to suppress the evidence should be filed but instead advised him to plead guilty.

In November or December petitioner dismissed appointed counsel and retained counsel of his own choosing. His retained counsel, like appointed counsel, advised him to enter a guilty plea and on December 12, 1967, he entered the plea which he now seeks to attack collaterally. Petitioner contends that he changed his plea to guilty because he erroneously believed that "the only evidence against him, the allegedly counterfeit money" would be conclusive in a trial. He further contends that the government agents had impressed upon him from the beginning the hopelessness of his case, that his attorneys failed to dispel this view, and that he was totally ignorant of his rights under Rule 41 of the Federal Rules of Criminal Procedure (Search and Seizure) and 18 U.S.C. § 3109.[1] In essence petitioner contends that his guilty plea was involuntary in that it was motivated by his belief that the money in the government's possession would be admissible against him at trial, i. e., by ignorance of his right to file a motion to suppress evidence which he contends was illegally seized.

In Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747, 793 (May 4, 1970), the standard for determining voluntariness of guilty pleas was recognized by the Supreme Court as being that defined by Judge Tuttle of the Fifth Circuit Court of Appeals:

> "[A] plea of guilty entered by one fully aware of the direct consequences * * * must stand unless induced by threats (or promises to discontinue improper harassment), misrepresentation (including unfulfilled or unfulfillable promises), or perhaps by promises that are by their nature improper as having no proper relationship to the prosecution's business (e. g., bribes)." Shelton v. United States,

---

1. 18 U.S.C. § 3109 provides as follows:

   "The officer may break open any outer or inner door or window of a house, or any part of a house, or anything therein, to execute a search warrant if, after notice of his authority and purpose, he is refused admittance or when necessary to liberate himself or a person aiding him in the execution of the warrant."

246 F.2d 571, 572, n. 2 (5th Cir. 1957) (en banc), rev'd. on confession of error on other grounds, 356 U.S. 26, 78 S.Ct. 563, 2 L.Ed.2d 579 (1958).

The Court went on to note that a defendant's decision to plead guilty often is heavily influenced by his appraisal of the prosecution's case against him and by the apparent likelihood of securing leniency should a guilty plea be offered and accepted, but

"A defendant is not entitled to withdraw his plea merely because he discovers long after the plea has been accepted that his calculus misapprehended the quality of the State's case. * * *

"We find no requirement in the Constitution that a defendant must be permitted to disown his solemn admission in open court that he committed the act with which he is charged simply because it later develops that the State would have a weaker case than the defendant had thought." Brady v. United States, *supra.*

In the instant case petitioner's contention that his guilty plea resulted from his failure to realize that the only evidence the government had against him was inadmissible is of course a conclusionary allegation, for having chosen not to go to trial there is no way petitioner can know what other evidence the government had in its possession. There is no allegation that defendant did not understand either the nature of the charges against him or what the effects of his guilty plea would be. There is no allegation that the plea was induced by threats, promises, or misrepresentations. Rather, the petition itself reveals that the guilty plea was entered after conferring with, and upon the advice of, counsel—advice which was given by both court-appointed and retained counsel. Furthermore, the transcript of the proceedings at which petitioner entered his guilty plea reveals that petitioner informed the court at that time that the plea was being entered freely and voluntarily without any threats or promises

of any kind. In addition, petitioner told the court that he had purchased the counterfeit money for the purpose of reselling it, and petitioner's attorney stated in open court that he had discussed with petitioner and his co-defendant the charges pending against them and the possible effects of a guilty plea, and that it was the defendants' wish "to save the court its time and effort in the trial, and enter a plea today and dispose of the charges." (Transcript, pp. 9–10.)

█ It is evident from the foregoing that petitioner's guilty plea was freely and understandingly entered and that there was a factual basis for the plea. It therefore must be considered voluntary unless his alleged ignorance of the right to file a motion to suppress renders it involuntary. And we are persuaded that it does not. Although there is nothing in the record to suggest that counsel's advice to enter the guilty plea was based upon a mistaken belief that the allegedly illegally obtained evidence would be admissible at trial, even assuming arguendo that counsel did have such a mistaken belief and that their advice was based upon that belief, that fact standing alone would not invalidate the guilty plea.

The arguments petitioner advances are foreclosed by the United States Supreme Court's recent decisions in McMann v. Richardson, 397 U.S. 759, 90 S. Ct. 1441, 25 L.Ed.2d 763 (May 4, 1970); Parker v. North Carolina, 397 U.S. 790, 90 S.Ct. 1458, 1474, 25 L.Ed.2d 785, 793 (May 4, 1970); and Brady v. United States, 397 U.S. 742, 90 S.Ct. 1463, 1474, 25 L.Ed.2d 747, 793 (May 4, 1970). Although the foregoing decisions involved claims that guilty pleas had been entered because of prior coerced confessions, McMann v. Richardson, *supra*; Parker v. North Carolina, *supra,* or by the defendant's desire to limit the possible maximum penalty to less than that authorized if the case were tried to a jury, Brady v. United States, *supra,* they are indistinguishable in principle from the instant case, and they all lend support to the proposition that an otherwise volun-

tary guilty plea is not rendered involuntary by an erroneous evaluation of the strength of the government's case, either by the defendant himself or by his counsel.

Furthermore, a mistaken evaluation of the admissibility of evidence on the part of counsel does not amount to ineffective assistance of counsel unless counsel was so completely inept and incompetent as to render the proceedings a farce. Busby v. Holman, 356 F.2d 75 (5th Cir. 1966). Neither the allegations of the complaint nor the record as a whole would permit a finding that this petitioner was denied the effective assistance of counsel.

Accordingly, the motion to vacate sentence is denied.